IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

RONALD RAY BRESHEARS                                                          CONSOLIDATED
ADC # 132771, *et al.*                                                             PLAINTIFFS

V.                    Case No. 4:24-CV-00872-KGB-BBM
                              (Lead Case)

CLAY FORD, District Court Judge,
*et al*.                                                                                  DEFENDANTS

## ORDER

There are several Motions pending in this consolidated case. The Court will address each one, in turn.

### I.   Ronald Ray Breshears's Motion to Certify Class (Doc. 2)

Consolidated Plaintiff Ronald Ray Breshears's ("Breshears") Motion to Certify Class, (Doc. 2), is denied without prejudice as premature. Breshears is proceeding *pro se*. *Pro se* litigants are not authorized to represent the rights, claims, and interests of other parties in any cause of action, *including* a class action lawsuit. "It is well established that a non-attorney *pro se* plaintiff cannot adequately represent a class." *Greene v. Lake*, No. 17-3551, 2018 WL 3105446, at *2 (D. Minn. June 25, 2018) (collecting Fourth, Sixth, Ninth, Tenth, and D.C. Circuit cases); *see also Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others"); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985) ("A prisoner cannot bring claims on behalf of other prisoners."); *cf. Knoefler v. United Bank of Bismarck*, 20

F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer . . . has no right to represent another entity . . . .").

If, upon screening the pending Complaints and Amended Complaints filed by Breshears and Consolidated Plaintiff Nathaniel Cogburn ("Cogburn"), the Court determines that appointment of counsel is appropriate, the Court will reconsider the class-certification issue.[1]

## II. Breshears's Motion to Appoint Counsel (Doc. 3)

Breshears asks the Court to appoint him counsel in this action. (Doc. 3). Litigants in civil cases do not have an automatic right to appointed counsel. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). Courts sometimes, however, appoint lawyers in cases where "the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986). When deciding whether to appoint counsel, "the district court should consider: [1] the legal complexity of the case; [2] the factual complexity of the case; and [3] the petitioner's ability to investigate and present his claims, along with any other relevant factors." *Hoggard v.*

---

[1] Cogburn's Complaint and Amended Complaint are filed in his original action. *See* Complaint and Amended Complaint, (Docs. 1, 3), *Cogburn v. Ford, et al.*, E.D. Ark. Case Number 4:24-CV-00873-KGB-BBM. The Court will direct the Clerk of Court to file Cogburn's Complaint and Amended Complaint in the lead case, as well. Any future reference to the Complaints and Amended Complaints refers to these documents. The Complaint and Amended Complaint filed by Cogburn will be screened separately from the Complaint and Amended Complaint filed by Breshears.

Additionally, the Court notes that the body of this Order does not address the Complaint filed by Consolidated Plaintiff Christopher R. Davis ("Davis"). *See* Complaint, (Doc. 1), *Davis v. Ford, et al.,* E.D. Ark. Case Number 4:24-CV-00874-KBG-BBM. The Court currently awaits Davis's response to an Order directing Davis to file a notice of change of address. (Doc. 208). Should Davis comply with this Order, the Court will separately screen Davis's Complaint in due course and will direct the Clerk to file a copy of Davis's Complaint in the lead case.

*Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). In considering these factors, the Court finds that Breshears's claims do not appear legally or factually complex, and it appears he is capable of prosecuting his claims without appointed counsel at this time. Accordingly, the Motion is denied without prejudice. Should the Court determine that class certification or joinder of parties may be appropriate in this case, or if this case proceeds to trial, the Court will reconsider appointment of counsel at that time.

### III. Breshears's Motions for Status Update and Motions for Copies (Docs. 5, 13, 21, 48, 152)

Breshears's Motions for Status Update and Motions for Copies, (Docs. 5, 13, 21, 48, 152), are granted in part. Breshears's Complaint and Amended Complaint, (Docs. 1, 14), must be screened before this case may proceed.[2] The Court will issue a screening order in due course. The Clerk is directed to mail Breshears an updated copy of the docket sheet. The Clerk is also directed to send Breshears a copy of the following docket entries in the lead case: 14, 15, 16, 17, 18, and 19.[3] All other relief requested that is unrelated to the status of the case or requests for copies is denied.

### IV. Motions for Joinder (Docs. 9, 11, 16, 20 22, 23, 24, 42, 43, 44, 46, 75, 116, 136, 174, 176, 209, 210, 211, 212, 213, 214)

All Motions for Joinder, (Docs. 9, 11, 16, 20 22, 23, 24, 42, 43, 44, 46, 75, 116, 136, 174, 176, 209, 210, 211, 212, 213, 214), are denied without prejudice as premature. If,

---

[2] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints prior to service and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b).

[3] Breshears is placed on notice that, without good cause, he may be required to pay for any future copies.

upon screening the Complaints and Amended Complaints, the Court determines that appointment of counsel is appropriate for either of the Consolidated Plaintiffs, the Court will revisit the issue of class certification and/or joinder of parties upon receipt of an appropriate motion.[4]

### V. Ruperto Muniz's Motion for Leave to Proceed *in forma pauperis*, Motions for Copies, and Motion for Leave to Amend, (Docs. 10, 15, 215, 150); James Lane, Sr.'s Motion to Enter Document Evidence and Statement of Facts and Motion to Add Defendant, (Docs. 134, 135); and Alvin Pugh's Motion for Status Update, (Doc. 175)

These Motions, (Docs. 10, 15, 215, 150, 134, 135, 175), are denied without prejudice because the filers are non-parties at this time. *See supra* § IV.

### VI. Motion for Appointment of Counsel (Doc. 26)

The Motion for Appointment of Counsel filed on November 29, 2024, contains several signatures. (Doc. 26 at 2). For the same reasons outlined *supra* in § II, the Motion, (Doc. 26), is denied without prejudice.

### VII. Breshears's Motion to Expedite and Consolidate (Doc. 45)

Breshears's Motion to Expedite and Consolidate, (Doc. 45), is denied as moot. *See* (Docs. 201–203).

### VIII. Motion to Correct (Doc. 76)

The Motion to Correct, (Doc. 76), is granted in part and denied in part. The Clerk of Court is directed to file page two of Docket Entry 6 as page two of Docket Entry 7 and

---

[4] The Court takes no position on the substance of the Motions for Joinder. (Docs. 9, 11, 16, 20 22, 23, 24, 42, 43, 44, 46, 75, 116, 136, 174, 176, 209, 210, 211, 212, 213, 214). Instead, the Court notes that, in the absence of a screening order, it is inappropriate to decide whether parties *or* claims should be joined in this action. Moreover, any decision on class certification is premature where: (1) the Consolidated Plaintiffs lack counsel, and (2) the exact contours of the claims remain unclear.

to then file the corrected version as Docket Entry 7-1. The corrected version of Docket Entry 6, (Doc. 6-1), should only include the first page of Docket Entry 6. Additionally, the Clerk of Court is directed to file the second page of Docket Entry 76 as an "Addendum" to Breshears's Complaint, (Doc. 1). All other relief requested in the Motion is denied.

### IX.  Motion to Amend (Doc. 117)

Breshears's Motion to Amend, (Doc. 117), is granted. The Court will consider the additional Defendants named in this Motion when screening Breshears's Complaint and Amended Complaint. The Clerk of Court is directed to file Docket Entry 117 as an Addendum to Breshears's Complaint, (Doc. 1).

### X.  Remaining Issue of Filings

At this time, the *only* Consolidated Plaintiffs are Breshears, Cogburn, and Davis. The Clerk of Court is directed to seek prior authorization from the Court before docketing any filings from non-parties.

IT IS THEREFORE ORDERED THAT:

1. Breshears's Motion to Certify Class, (Doc. 2), is DENIED without prejudice as premature.

2. Breshears's Motion to Appoint Counsel, (Doc. 3), is DENIED without prejudice.

3. Breshears's Motions for Status Update and Motions for Copies, (Docs. 5, 13, 21, 48), are GRANTED in part. The Clerk is directed to mail Breshears an updated copy of the docket sheet. The Clerk is also directed to send Breshears a copy of the following

docket entries in the lead case: 14, 15, 16, 17, 18, and 19. All other relief requested that is unrelated to the status of the case or requests for copies is DENIED.

4. The Motions for Joinder, (Docs. 9, 11, 16, 20 22, 23, 24, 42, 43, 44, 46, 75, 116, 136, 174, 176, 209, 210, 211, 212, 213, 214), are DENIED without prejudice as premature.

5. The Clerk of Court is directed to stop mailing copies of docket entries to the non-parties who filed the Motions for Joinder.

6. Ruperto Muniz's Motion to Proceed *in forma pauperis*, Motions for Copies and Motion for Leave to Amend, (Docs. 10, 15, 150, 215); James Lane Sr.'s Motion to Enter Document Evidence and Statement of Facts and Motion to Add Defendant, (Docs. 134, 135); and Alvin Pugh's Motion for Status Update, (Doc. 175), are DENIED without prejudice.

7. The Motion for Appointment of Counsel, (Doc. 26), is DENIED without prejudice.

8. Breshears's Motion to Expedite and Consolidate, (Doc. 45), is DENIED as moot.

9. The Motion to Correct, (Doc. 76), is GRANTED in part and DENIED in part. The Clerk of Court is directed to file page two of Docket Entry 6 as page two of Docket Entry 7 and to then file the corrected version as Docket Entry 7-1. The corrected version of Docket Entry 6, (Doc. 6-1), should only include the first page of Docket Entry 6. Additionally, the Clerk of Court is directed to file the second page of Docket Entry 76 as

an "Addendum" to Breshears's Complaint, (Doc. 1). All other relief requested in the Motion is DENIED.

10. Breshears's Motion to Amend, (Doc. 117), is GRANTED. The Clerk of Court is directed to file Docket Entry 117 as an Addendum to Breshears's Complaint, (Doc. 1).

11. The Clerk of the Court is directed to file a copy of Cogburn's Complaint and Amended Complaint, *see* Complaint and Amended Complaint, (Docs. 1, 3), *Cogburn v. Ford, et al.*, E.D. Ark. Case Number 4:24-CV-00873-KGB-BBM, in the lead case.

12. The Clerk of Court is directed to file a copy of Davis's Complaint, *see* Complaint, (Doc. 1), *Davis v. Ford, et al.,* E.D. Ark. Case Number 4:24-CV-00874-KBG-BBM, in the lead case.

13. The Clerk of Court is directed to seek prior authorization from the Court before docketing any filings from non-parties.

SO ORDERED this 21st day of February, 2025.

_____
UNITED STATES MAGISTRATE JUDGE