## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**RONALD RAY BRESHEARS**                                      **PLAINTIFF**
**ADC #132771**

**v.**                              **Case No. 4:24-cv-00872-KGB-BBM**

**CLAY FORD, District Court Judge**, *et al*.                 **DEFENDANTS**

### ORDER

Before the Court is the Recommended Disposition ("Recommendation") submitted by United States Magistrate Judge Benecia B. Moore (Dkt. No. 342). Consolidated plaintiff Nathaniel Cogburn did not file objections to the Recommendation, and the time for doing so has passed. Consolidated plaintiff Ronald Ray Breshears filed objections to the Recommendation (Dkt. No. 343). After review of the Recommendation, Mr. Breshears's objections, and after a *de novo* review of the record, the Court adopts Judge Moore's Recommendation (Dkt. No. 342). The Court writes to address Mr. Breshears's objections.

In an Order entered February 13, 2025, the Court consolidated Mr. Cogburn's case into *Breshears, et al., v. Ford, et al.*, Case No. 4:24-CV00872-KGB-BBM (Dkt. No. 202). While an inmate in the Saline County Detention Center, Mr. Cogburn filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights (Dkt. Nos. 235; 236). Judge Moore recommends the dismissal of Mr. Cogburn's complaint and amended complaint based on Mr. Cogburn's failure to respond to her June 6, 2025, Order to provide the Court with his current address and to file a free-world *in forma pauperis* motion or to pay the filing fee (Dkt. No. 342, at 2).

Mr. Breshears objects asserting that Mr. Cogburn "probably doesn't understand what the free order of an *in forma pauperis* [motion] even means let alone how to obtain those forms." (Dkt.

No. 343, ¶ 3).  Mr. Breshears asks for an extension of time on behalf of Mr. Cogburn so that the Court can mail the forms to "304 Dwayne" because he asserts "that is his mailing address" and so that he can let him know "what to be looking for, how to do it, and stress the impact of doing so." (*Id*., ¶¶ 5-6).

At the outset, the Court observes that Mr. Breshears may not represent Mr. Cogburn in this case.  *See Steele v. City of Bemidji*, 257 F.3d 902, 905 (8th Cir. 2001) (a non-lawyer may not represent another person or entity in federal court).  Furthermore, the Judge Moore, in her June 6, 2025, Order directed the Clerk to send Mr. Cogburn free-world *in forma pauperis* forms, which include a series of simple questions, directed the Clerk to mail the Order and the forms to Mr. Cogburn at his "304 Dwayne" address, and stressed in her Order the importance of responding to the Court's Order (Dkt. No. 339).  Presumably Mr. Cogburn received Judge Moore's June 6, 2025, Order because the Order was not returned to the Court undeliverable.  Mr. Cogburn did not respond the Order, and the time for doing so passed prior to Judge Moor issuing her Recommendation.  Furthermore, Mr. Cogburn has not filed objections to the Recommendation or requested additional time to do so.

Accordingly, after careful review of the Recommendation, Mr. Breshears's objections, and a *de novo* review of the record, the Court finds that Mr. Bresehears's objections break no new ground and fail to rebut the Recommendation.  The Court adopts the Recommendation (Dkt. No. 342).  The Court dismisses without prejudice Mr. Cogburn's complaint and amended complaint (Dkt. Nos. 235; 236).  The Clerk of the Court is directed to file a copy of the Order in *Cogburn v. Clay Ford, et al.,* Case No. 4:24-cv-00873-KGB-BBM.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

It is so ordered this 15th day of June, 2026.

_____
Kristine G. Baker
Chief United States District Judge